# IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-09-151-L |
| | ) | |
| DANIEL KNIGHT HAYDEN | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REVIEW AND MODIFY DETENTION ORDER

The United States hereby responds to defendant's "Motion to Review and Modify Detention Order" (Doc. 43), filed by defendant on June 29, 2009. The defendant moves the Court pursuant to Title 18, United States Code, Section 3145(b) to review the order of detention entered by United States Magistrate Judge Bana Roberts on June 11, 2009. In support of his motion, defendant states that he has mental issues that are exacerbated by his present state of detention and submits that other facilities would be more appropriate to address his problems.  The government submits that the defendant was afforded a full and fair hearing. The defendant was able to cross examine the government witness and proffered his own testimony about pretrial release conditions. The government requests this Court adopt the findings of the Magistrate Judge, as allowed by law, and enter an order continuing the defendant's detention.

## FACTUAL BACKGROUND

On April 15, 2009, United States Magistrate Judge Bana Roberts signed a criminal complaint charging Daniel Knight Hayden (defendant) with transmitting a threatening communication in interstate commerce on April 11, 2009, in violation of Title 18, United States Code, Section 875(c).[1] The defendant appeared before Magistrate Judge Roberts for an Initial Appearance on April 16, 2009. The court entered an order releasing the defendant to the Carver Center with bond conditions. On May 6, 2009, a federal grand jury returned a one-count Indictment charging the defendant with transmitting a threatening communication in interstate commerce on April 11, 2009, in violation of Title 18, United States Code, Section 875(c).

The defendant was arraigned on the Indictment, before United States Magistrate Judge Gary Purcell, on May 8, 2009. During the arraignment, the defendant, through counsel, made an oral motion for reconsideration of his pretrial release or detention. In support of this motion, the defendant argued that he didn't believe his being placed in the Carver Center equated with the definition of the word "release" and that his twenty-four hour lockdown condition prevented him from having access to a law library. United States Magistrate Judge Purcell denied the defendant's motion for reconsideration on the grounds that the defendant

---

[1] A more detailed factual background is set forth in the government's Response to the Defendant's Motion to Dismiss Indictment (Doc. 49).

did not present any new evidence or change in conditions which warranted a change in his present pretrial conditions.

On June 11, 2009, United States Probation Officer Ann Alesch filed a Petition for Action on Conditions of Pretrial Release and Order (Doc. 26). The petition alleged that the defendant violated his pretrial conditions by failing to follow the rules of the Carver Center. More specifically, it was alleged that he failed to follow the rules of the Carver Center by communicating threats towards employees of the Carver Center.  A hearing on the petition was held before United States Magistrate Judge Bana Roberts on June 11, 2009. The government put on testimony through United States Probation Officer (USPO) Ann Alesch and then rested. The defendant cross examined the government's witness, proffered evidence of his own, and then rested. The hearing lasted approximately 51 minutes. After hearing argument from both parties, Judge Roberts entered an order finding that the defendant violated his conditions of pre-trial release. Further, the Court held that given the nature of the violation, and its similarity to the defendant's pending charge, that the defendant's pre-trial release should be revoked. This case is presently set for trial on July 13, 2009.

## ARGUMENT AND AUTHORITIES

A district court's reviews a magistrate judge's detention or release order de novo." United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003). "De novo review does not require a de novo evidentiary hearing." United States v. Wittenmyer, No. 00-40024-14-SAC, 2001 WL 968406 at *2 (D. Kan. July 6, 2001).  "On review of release

and detention orders, district court may take additional evidence and may also utilize transcript and record of earlier detention hearing as basis for findings of fact." United States v. Allen, 605 F. Supp. 864, 867 (W.D.Pa. 1985) (disagreed with on other grounds); see also Wittenmyer, 2001 WL 968406 at * 3 ("The district court may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there."). "The decision of whether to allow a defendant to present or proffer additional evidence in a pretrial detention hearing rests within the district court's discretion." United States v. Levine, 770 F. Supp. 460, 464 n. 7 (N.D. Ind. 1991).; see also United States v. Gaviria, 828 F.2d 667, 669 (11th Cir. 1987) (stating that district court has discretion to allow government and defense to proceed by way of proffer at detention hearing). Furthermore, the district court may adopt the magistrate judge's pretrial detention order as long as there is a careful review of the pleadings and the evidence developed at the detention hearing. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). Adoption of the order obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention. Id.

The defendant has not set forth any evidence in his motion which has a bearing on whether he should be detained or released pending trial. The defendant generally states that his current place of detention exacerbates his mental issues. The government anticipates testimony at a hearing will show that when the defendant was released to the Carver Center, one of his conditions was to undergo a mental/psychiatric evaluation. The

defendant refused to do so. During the defendant's residence at the Carver Center, on the most restrictive conditions short of detention that could be imposed, he threatened to kill employees of the Carver Center. Based on these actions, the Carver Center elected to terminate the defendant from the program. The defendant was afforded a full and fair hearing on the Petition for Action on Conditions of Pretrial Release. The government put on evidence through USPO Ann Alesch and the defendant had the opportunity to cross-examine Ms. Alesch. Furthermore, the defendant proffered evidence about the alleged violation and the potential for alternative living arrangements, short of custodial detention, pending trial. Both sides presented arguments and the entire hearing lasted approximately 51 minutes. (See Attachment 1)[2].

The defendant's inability to reside at the Carver Center, coupled with his threats to employees of the Carver Center, which are similar in nature to the offense alleged in the Indictment, clearly and convincingly show that he is a danger to the community. Therefore, the government requests the Court enter an order of detention for the defendant pending trial.

---

[2] Attachment 1 is a copy of the hearing that was held on the Petition for Action on Conditions of Pretrial Release on June 11, 2009. (Conventional Filing Notice).

## CONCLUSION

Based on the foregoing reasons, the government respectfully requests the Court deny defendant's Motion to Review and Modify Detention Order.

Respectfully submitted,

JOHN C. RICHTER
United States Attorney

s/*Andre' B. Caldwell*
Assistant U.S. Attorney
Bar Number:  22092
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8733(Office)
(405) 553-8888 (Fax)
Andre.Caldwell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2009,  I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:  Joseph L. Wells.

s/*Andre' B. Caldwell*
Assistant U.S. Attorney

ABC:ke

6