## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-09-151-L |
| | ) | |
| DANIEL KNIGHT HAYDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO RECONSIDER DETENTION STATUS
## AND BRIEF IN SUPPORT THEREOF

Comes now the defendant, Daniel Knight Hayden, by and through court-appointed counsel, Joseph L. Wells, and moves this Court to release Mr. Hayden so that Mr. Hayden can obtain the medical care he desperately needs and which the U. S. Marshal Service along with the Grady County Detention Center have refused to provide.

The U. S. Marshal Service along with the Grady County Detention Center, where the federal government has housed Mr. Hayden, has been indifferent to Mr. Hayden's serious and worsening medical conditions.

Mr. Hayden has reported to counsel that he has an ongoing toothache. He has been advised by the Grady County Detention Center that the U. S. Marshal Service

will only pay for a tooth extraction.  If Mr. Hayden won't agree to the extraction, he gets no dental attention.  Mr. Hayden, because he hasn't been to the dentist, doesn't know what treatment is necessary.  He shouldn't be denied treatment just because he won't agree to a possibly unnecessary tooth extraction because it is the only dental treatment allowed.  The federal government has thus failed in its obligation to provide Mr. Hayden, a presentence detainee, with conditions of confinement that do not amount to punishment and that do not otherwise violate the Constitution. See <u>Bell v. Wolfish</u>, 99 S. Ct. 1861, 1873 (1979).

The Supreme Court has recognized the government's obligation to provide medical care to convicted prisoners: "An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical 'torture or a lingering death,' ... the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." <u>Estelle v. Gamble</u>, 97 S. Ct. 285, 290 (1976) (internal citations omitted). The due process rights of a detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. <u>Bell</u>, 99 S. Ct. at 1877.

2

Here, Mr. Hayden's untreated or semi-treated medical conditions amount to near torture.

Further, if Mr. Hayden's condition remains untreated, he might be unable to properly assist counsel at sentencing. Under the Sixth Amendment, a defendant must be able to assist counsel. Mr. Hayden's current physical condition and chronic, unrelenting pain render him virtually incapacitated, both mentally and physically.

In addition, Mr. Hayden's condition has changed his status under the Bail Reform Act. 18 U.S.C. § 3142. One of the specific considerations under the Bail Reform Act is the medical condition of the defendant. 18 U.S.C. § 3142(g)(3)(A). Mr. Hayden's medical conditions have substantially worsened since the initial detention hearing due to the government's failure to provide him with adequate treatment. Moreover, because of his medical conditions Mr. Hayden is in no way a flight risk nor a danger to the community.

For the foregoing reasons, Mr. Hayden asks this Court to grant a hearing at which he can adduce more evidence in support of his request that the Court release him pending sentencing and get the proper medical attention he needs.

3

Respectfully submitted,


s/ Joseph L. Wells
JOSEPH L. WELLS, OBA # 9470
Attorney for Defendant,
Daniel L. Hayden
3955 Northwest 23rd Street
Oklahoma City, OK 73107
Telephone:  (405) 942-8800
Fax:         (405) 947-1937
Email:       joewells@swbell.net


## CERTIFICATE OF SERVICE

I hereby certify that on the 10th  day of September, 2009, I electronically transmitted th attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the appropriate ECF registrants.


Andre' Caldwell
Assistant U. S. Attorney


s/ Joseph L. Wells
JOSEPH L. WELLS, OBA #9470

4